UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL D. DeSOTO, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>DOT FOODS, INC., an Illinois corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | NO. 2:24-cv-01140 WBS CSK |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for **August 26, 2024, at 1:30 p.m.,** and makes the following findings and orders without needing to consult with the parties any further.

I.    SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown

1

under Federal Rule of Civil Procedure 16(b).

II. <u>JOINDER OF PARTIES/AMENDMENTS</u>

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

III. <u>JURISDICTION/VENUE</u>

Jurisdiction of this employment discrimination case is predicated upon 28 U.S.C. § 1332(a), because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  Venue is undisputed and hereby found to be proper.

IV. <u>DISCOVERY</u>

The parties agree to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **August 30, 2024.**

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than **April 24, 2025.**  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **June 23, 2025.**

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by **August 22, 2025.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if

1 necessary and, where discovery has been ordered, the order has
2 been obeyed.  All motions to compel discovery must be noticed on
3 the magistrate judge's calendar in accordance with the local
4 rules of this court and so that such motions may be heard (and
5 any resulting orders obeyed) not later than **August 22, 2025.**
6 V.   MOTION HEARING SCHEDULE
7         All motions, except motions for continuances, temporary
8 restraining orders, or other emergency applications, shall be
9 filed on or before **October 22, 2025.**  All motions shall be
10 noticed for the next available hearing date.  Counsel are
11 cautioned to refer to the local rules regarding the requirements
12 for noticing and opposing such motions on the court's regularly
13 scheduled law and motion calendar.
14 VI.  FINAL PRETRIAL CONFERENCE
15         The Final Pretrial Conference is set for **January 12,**
16 **2026,** at 1:30 p.m. in Courtroom No. 5.  The conference shall be
17 attended by at least one of the attorneys who will conduct the
18 trial for each of the parties and by any unrepresented parties.
19         Counsel for all parties are to be fully prepared for
20 trial at the time of the Pretrial Conference, with no matters
21 remaining to be accomplished except production of witnesses for
22 oral testimony.  Counsel shall file separate pretrial statements
23 and are referred to Local Rules 281 and 282 relating to the
24 contents of and time for filing those statements. In addition to
25 those subjects listed in Local Rule 281(b), the parties are to
26 provide the court with: (1) a plain, concise statement which
27 identifies every non-discovery motion which has been made to the
28 court, and its resolution; (2) a list of the remaining claims as

against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.    TRIAL SETTING

The jury trial is set for **March 24, 2026** at 9:00 a.m. The parties estimate that the trial will last 4 or 5 days.

VIII.   SETTLEMENT CONFERENCE

A Settlement Conference with a magistrate judge will be set at the time of the Pretrial Conference.  Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  The Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.     MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided

only by the undersigned judge.

        IT IS SO ORDERED.

Dated:  August 22, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE