UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DESOTO,<br><br>    Plaintiff,<br><br>    v.<br><br>DOT FOODS, INC.,<br><br>    Defendant. | Case No. 2:24-cv-1140-WBS-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL<br><br>(ECF Nos. 19, 21) |

    Defendant Dot Foods, Inc. filed a motion to compel Plaintiff Michael Desoto's discovery responses to Defendant's Requests for Production (RFP) and Interrogatories. (ECF Nos. 19, 21.) A hearing was held on September 23, 2025. Jerome Clay appeared as counsel for Plaintiff; Allison Scott appeared as counsel for Defendant.

    For the reasons stated during the hearing, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to compel. The Court also sets deadlines for the items ordered in the hearing. In summary:

(1)    The Court denies Defendant's request to strike certain objections. The Court instead ruled on the discovery disputes raised.

(2)    RFP No. 6: denied.

(3)    RFP No. 7: denied. Plaintiff confirmed that he has produced all documents related to his wages and earnings.

1

(4) RFP No. 9:  granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover documents from September 2022 to present. Defendant must serve an amended RFP corresponding with the Court's order.

(5) RFP No. 10:  granted.

(6) RFP No. 12:  granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover documents as to Plaintiff's leaves of absences, claims of injury, and illness. Defendant must serve an amended RFP corresponding with the Court's order.

(7) RFP No. 15:  denied without prejudice to Defendant amending.

(8) RFP No. 17:  granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover documents as to Plaintiff's efforts to obtain employment, including proof or confirmation of work/job applications Plaintiff submitted (e.g., confirmation emails, account profile and settings, etc.), work with or applications to temporary employment agencies (e.g., employment security agency), employment logs, etc. Defendant must serve an amended RFP corresponding with the Court's order. Plaintiff is required to file a declaration identifying what steps were taken to identify responsive documents **within seven (7) days**.

(9) RFP No. 18:  granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover written statements, including text messages. Defendant must serve an amended RFP corresponding with the Court's order.

(10) RFP No. 21:  granted.

(11) RFP No. 25: granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover notes, blogs, or anything else Plaintiff posted on the internet related to this case. Defendant must serve an amended RFP corresponding with the Court's order.

(12) RFP No. 26: granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover social media postings Plaintiff made from 2018 to the present regarding his physical or mental condition. Defendant must serve an amended RFP corresponding with the Court's order.

(13) RFP No. 27: granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover social media postings Plaintiff made regarding his claims in this lawsuit. Defendant must serve an amended RFP corresponding with the Court's order.

(14) RFP No. 28: granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover Plaintiff's written communications with Defendant regarding Plaintiff's health (physical, mental, emotional, etc.). Defendant must serve an amended RFP corresponding with the Court's order.

(15) RFP No. 29: granted in part and denied in part. This request is overbroad as currently drafted. Defendant is entitled to discover Plaintiff's written communications with Defendant regarding Plaintiff's need for an accommodation. Defendant must serve an amended RFP corresponding with the Court's order.

(16) Amended Documents: Due to confusion regarding discovery responses, Plaintiff is ordered to consolidate his responses to all RFPs in one document, including his original responses, first amended, second amended, etc. with each response clearly labeled; and all of his interrogatory responses in one document, including his original response, first amended, second amended, etc. with each response clearly labeled. Defendant must serve its RFPs in one document, including any amended RFPs with each amended RFP clearly labeled.

(17) After the filing of Defendant's motion to compel, the parties narrowed the interrogatories at issue to Nos. 7, 10, 11, and 16.

(18) Rog. No. 7: Plaintiff shall supplement his response to confirm that it is complete.

(19) Rog. Nos. 10 & 11: The remaining issue as to Plaintiff's wife's contact information

3

is separately addressed.

(20) Verified Responses:  The parties confirmed that after the filing of the motion to compel, Plaintiff verified his interrogatory responses. Defendant's request for verified responses to its RFPs is denied as Rule 34 does not include a verification requirement. *Compare* Fed. R. Civ. P. 33(b), with Fed. R. Civ. P. 34.

(21) IRS Reason Provided to Plaintiff:  The parties confirmed that this issue is resolved.

(22) Plaintiff's Wife (Taja Desoto):  granted. Plaintiff shall provide Taja DeSoto's current address and telephone number in writing **within 48 hours** of the September 23, 2025 hearing to defense counsel. Together with Defendant, Plaintiff is ordered to finalize the date, time, and location for Taja Desoto's deposition within 7 days of the September 23, 2025 hearing. The parties are ordered to file a Joint Status Report **within seven (7) days** of the September 23, 2025 hearing.

(23) Rule 37 Expenses: Additional information is needed for the Court's determination of Defendant's reasonable expenses under Rule 37(a)(5)(A). The Court therefore orders Defendant to file and submit a supplemental brief with its reasonable expenses in making the motion to compel, including attorney's fees, **within fourteen (14) days** of the hearing. Defendant must include sufficient detail, including the number of hours spent in making and arguing the motions, the description of the work completed, counsel's hourly rates, counsel's experience, and the prevailing market rate in Sacramento, where this district court sits, for attorneys of comparable experience. **Within seven (7) days** after the filing of Defendant's submission of its reasonable expenses, Plaintiff may file a response limited to addressing expenses requested by Defendant. Plaintiff's counsel is also ordered to submit a declaration identifying whether the repeated delay in responding to discovery requests and discovery-related correspondence, etc. was due to counsel, Plaintiff Desoto, or both.

1  It is so ordered.

3  Dated:  September 24, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6  csk/24-1140_desoto