UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DESOTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOT FOODS, INC.,<br><br>　　　　Defendant. | Case No. 2:24-cv-01140-WBS-CSK<br><br>ORDER GRANTING RULE 37 EXPENSES<br><br>(ECF Nos. 24, 29, 30) |

On September 24, 2025, the Court granted in part and denied in part Defendant Dot Foods, Inc.'s motion to compel Plaintiff Michael DeSoto's discovery responses to Defendant's Requests for Production (RFP) and Interrogatories.[1] 09/24/2025 Order (ECF No. 24). Because Defendant had not provided the Court with sufficient information to determine the amount of expenses in making the motion to which it was entitled pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court ordered Defendant to file and submit its reasonable expenses, including attorney's fees. 09/24/2025 Order at 4. Defendant has now done so. Def. Supp. Br. (ECF No. 29). Plaintiff was provided with the opportunity to respond to Defendant's reasonable expenses and was also ordered to submit a declaration identifying whether the repeated delay in responding to discovery

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

requests and discovery-related correspondence was due to counsel, Plaintiff DeSoto, or both. 09/24/2025 Order at 4. Plaintiff has filed a response. Pl. Response (ECF No. 30).

I.     DISCUSSION[2]

    As the Court has previously ordered and addressed at the hearing, under Rule 37, awarding reasonable expenses in making the motion, including attorneys' fees, is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); 09/24/2025 Order. The timeline of efforts by Defendant to get Plaintiff to cooperate in discovery and meet and confer is outlined in the Joint Statement in detail. Defense counsel began efforts to meet and confer with Plaintiff over his deficient discovery responses on February 17, 2025, and it took Plaintiff 6.5 months to serve his Supplemental/Amended responses on September 2, 2025, which were served after Defendant filed its motion to compel. Plaintiff repeatedly failed to respond at all to defense counsel, who then had to follow-up several times, over and over again, and even then, Plaintiff did not fully respond. Defendant, as the moving party, made a good faith effort over several months to obtain the discovery before filing its motion to compel; Plaintiff's failure to respond was not substantially justified; and other circumstances do not make awarding expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). As a result, Rule 37(a)(5)(A) mandates the award of reasonable expenses including attorney's fees.

    The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably

---

[2] Additional background on Defendant's motion to compel is provided in the briefing submitted to the court and this Court's order. *See* Def. Mot. (ECF No. 19); Jt. Stmt Re Discovery Disagreement (ECF No. 21); 09/24/2025 Order.

expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Defendant seeks attorney fees in the amount of $31,051.35 for one partner, one senior associate, and one senior paralegal from Husch Blackwell LLP who worked a total of 58.7 hours in connection with corresponding with Plaintiff's counsel regarding Plaintiff's deficient discovery responses, attempting to subpoena Ms. DeSoto for her deposition and obtain her contact information, drafting and revising the motion to compel, and preparing and traveling to attend the hearing on the motion. 10/7/2025 Allison M. Scott Declaration ¶¶ 4, 6-11 (Exh. 1). Defendant also seeks $566.20 for reasonable costs related to conducting a people search for Ms. DeSoto and airfare for attorney Allison Scott to attend the hearing on the motion to compel. *Id*. ¶ 15. Defendant's fees are based on a $742.50 hourly rate for 13.7 hours by partner Allison Scott; a $477 hourly rate for 40.8 hours by senior associate attorney Christina C. Brunty; and a $337.50 hourly rate for 4.2 hours by senior paralegal Joanna Perkins. *Id*. ¶¶ 9-10.

Plaintiff filed a response contesting Defendant's request arguing the requested fees and costs are grossly disproportionate to the nature, complexity and scope of the motion to compel and that a substantial portion of the hours claimed are duplicative of administrative tasks or are unnecessary. Pl. Response at 4. Plaintiff also argues Defendant's requested costs are unreasonable and not recoverable as Plaintiff's third-party search of Ms. DeSoto was unjustified and premature and that the requested airfare

3

costs are unwarranted. *Id*. at 6-7. Plaintiff's counsel also submitted a declaration stating between October 2024 and September 2025, Plaintiff's counsel had sent numerous emails and text messages to Plaintiff DeSoto requesting his review, signature and return of discovery documents and despite Plaintiff's counsel's efforts, Plaintiff DeSoto was intermittently unavailable and unresponsive, thereby impacting Plaintiff's counsel's ability to provide timely responses to certain discovery requests. 10/14/2025 Jerome A. Clay Jr. Declaration ¶¶ 4-5 (ECF No. 30 at 9-11). Plaintiff's counsel's declaration submitted demonstrates that the responsibility for Plaintiff's failure to respond to Defendant's discovery requests primarily lies with Plaintiff, not Plaintiff's counsel. *See id*. & Exh. A (ECF No. 30-1).

While Defendant is entitled to recover its reasonable expenses, Defendant is not entitled to recover all the expenses requested. Defendant's submission is deficient in multiple respects where Defendant submitted a block billing summary of its claimed fees without any dates and without any differentiation between the three individuals for whom it seeks fees. *See* Scott Decl., ¶ 10 (ECF No. 29 at 12-13); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("[B]lock billing makes it more difficult to determine how much time was spend on particular activities."); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (explaining where time spent for attorney is summarized in broad categories and is poorly documented, the Court can either request more information, or "simply reduce[] the fee to a reasonable amount."). Here, the Court finds a reduction in fees to a reasonable amount is appropriate. *See Fischer*, 214 F.3d at 1121. Defendant fails to justify why a partner, a senior associate, and a senior paralegal were needed to complete almost all of the same tasks. Defendant is not entitled to recover its total fees sought, including any fees for its senior paralegal, because the fees sought are for the same work for all three individuals. The Court concludes that Defendant is entitled to recover its reasonable expenses for 10.3 hours for partner Scott and 16.9 hours for senior associate Brunty for the following: drafting and revising the Joint Statement (0.9 hour for Ms. Scott and 11.8 hours for Ms. Brunty); revising the Joint

Statement after receiving responses from Plaintiff (0.7 hour for Ms. Scott and 4.2 hours for Ms. Brunty); filing the motion to compel and scheduling of hearing (0.2 hour for Ms. Scott and 0.9 hour for Ms. Brunty); travel time for hearing (4.1 hours for Ms. Scott); preparation for hearing (3 hours for Ms. Scott); and appearance at the motion to compel hearing (1.4 hours for Ms. Scott). Defendant is not entitled to recover fees for the following: duplicative work by multiple individuals; meet and confer efforts where insufficient detail was provided including no dates; efforts to subpoena Ms. DeSoto, who is not a party to the action and insufficient detail was provided to justify these fees; and fees sought for the motion to compel and memorandum separate from the Joint Statement where the Local Rules require parties to file a Joint Statement, and not a separate motion to compel brief.[3] *See* L.R. 251; Scott Decl., ¶ 10.

The Court next addresses Defendant's counsel's hourly rates for local counsel. Ms. Scott is a partner at the law firm Husch Blackwell, LLP and has been a California licensed attorney since December 2015. Scott Decl. ¶ 6. Defendant provides case law from this district supporting Ms. Scott's hourly rate of $742.50. *See* Def. Supp. Br. at 3-4 (citing *Gong-Chun v. Aetna, Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners over 10 years ago); *Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners)). Having considered the relevant market and rates recently approved in this district, the Court concludes that the requested hourly rate is reasonable. Defendant is entitled to recover $7,647.75 in attorney fees for Ms. Scott.

As for out-of-state counsel, Defendant seeks $19,462.60 in attorney fees for senior associate Ms. Brunty who practices at Husch Blackwell, LLP in Springfield,

---

[3] Pursuant to the Local Rules, for discovery disagreements, the parties must file a notice of motion and a Joint Statement. *See* L.R. 251. Defendant was not required to file a separate motion to compel memorandum, and its fees sought for this are not reasonable. In addition, Defendant did not actually file a separate memorandum for its motion to compel. *See* Def. Mot. (ECF No. 19).

1  Missouri. Scott Decl. ¶ 7. Ms. Brunty has not filed a notice of appearance in this action,
2  or is barred in California, or is an attorney who has been admitted pro hac vice in this
3  action. *See* Docket. The Ninth Circuit has held that when out-of-state counsel does not
4  "properly and timely secure pro hac vice admission before the district court" in
5  accordance with the district court's local rules, that failure is "sufficient reason to deny
6  [an applicant's] application for attorneys' fees." *Idaho Sporting Congress, Inc. v.*
7  *Alexander*, 23 Fed. Appx. 713, 714 (9th Cir. 2001) ("Failure ... to properly and timely
8  secure pro hac vice admission before the district court was a sufficient reason to deny
9  [plaintiffs'] application for attorney's fees."). However, the Ninth Circuit has also
10 determined that out-of-state attorneys who have not applied to appear pro hac vice may
11 recover fees in two circumstances: (1) if the attorney at issue "would have certainly been
12 permitted to appear pro hac vice as a matter of course had he or she applied"; or (2) if
13 the work of the attorney "did not rise to the level of 'appearing' before the district court."
14 *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822-23 (9th Cir. 2009).

15       Here, Defendant has not addressed anywhere in its moving papers or supporting
16 documents whether Ms. Brunty meets the requirements for pro hac vice admission
17 pursuant to Local Rule 180. *See generally* Def. Supp. Br. Nevertheless, review of the
18 Defendant's supplemental brief shows that Ms. Brunty's work "did not rise to the level of
19 'appearing' before the district court." *Winterrowd*, 556 F.3d at 822-23. Although Ms.
20 Brunty communicated extensively with opposing counsel, it appears she was not the
21 exclusive contact with the client or opposing counsel. *Compare* Scott Decl. ¶ 10, *with*
22 *Winterrowd*, 556 F.3d at 825 ("An out of state attorney must still apply for pro hac vice
23 admission if that attorney appears in court, signs pleadings, or is the exclusive contact in
24 a case with the client or opposing counsel."). Ms. Brunty did not sign the pleadings and
25 is not listed on the pleadings. The Court finds Ms. Brunty's fees as identified above are
26 recoverable and next addresses Ms. Brunty's hourly rates. Ms. Brunty is a senior
27 associate who has been licensed in Illinois for nine years. Scott Decl. ¶ 7. The Court
28 finds the hourly rate of $477 for Ms. Brunty, a senior associate with nine years of

experience, is reasonable and reflects the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Am. Multi-Cinema, Inc.*, 2024 WL 1312209, at *3 (awarding $500 per hour for a ninth-year associate). Accordingly, the Court concludes Defendant is entitled to recover $8,061.30 in attorney fees for Ms. Brunty.

Finally, the Court declines to award Defendant its requested costs for conducting a people search for Ms. DeSoto and travel costs for Ms. Scott. Defendant has cited no authority, and the Court is aware of none, that would permit an award of Ms. Scott's travel costs, especially where Defendant also seeks its expenses for Ms. Scott's travel time.

Pursuant to Rule 37(a)(5)(A), the Court therefore orders Plaintiff DeSoto to pay reasonable expenses in the amount of $15,709.05 to Defendant within twenty-one (21) days from the date of this order.

## ORDER

IT IS HEREBY ORDERED THAT:

1. Defendant is awarded its reasonable expenses to bring the motion to compel in the amount of $15,709.05. Plaintiff DeSoto, not his counsel, is responsible for the amount owed, which must be paid within twenty-one (21) days of the date of this order; and
2. Within thirty (30) days of this order, Plaintiff's counsel shall file a status report regarding the status of compliance with this order.

Dated: January 5, 2026

*/s/ Chi Soo Kim*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, deso1140.24