UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL D. DESOTO, an
individual,

          Plaintiff,

    v.

DOT FOODS, INC., an Illinois
corporation; SERGIO MORALES, an
individual; and DOES 1 through
20, inclusive,

          Defendants.

No. 2:24-cv-1140 WBS CSK

ORDER RE: BILL OF COSTS

----oo0oo----

The court granted summary judgment in favor of defendants on December 30, 2025. (Docket No. 35.) Judgment for defendants was entered the same day. (Docket No. 36.) Defendants subsequently submitted a bill of costs, accompanied by a supporting memorandum, proof of service, and documented itemization. (Docket No. 38.) Plaintiff did not respond.

Defendants claim itemized costs of (1) $877.35 for

1

clerk fees; (2) $3,983.26 for fees for service of summons and subpoena; (3) $3,606.80 for transcript fees; (4) $120.00 for witness fees; and (5) $487.11 for copying fees. (Docket No. 38 at 1.) Defendants' total requested costs are $9,074.52

Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs and provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The general costs statute, 28 U.S.C. § 1920, defines the term 'costs,'" and includes fees for: the clerk and marshal, transcripts, printing, copying, docketing, and witnesses. Kalitta Air L.L.C. v. Central Texas Airborne Sys. Inc., 741 F.3d 955, 957-58 (9th Cir. 2013) (citing 28 U.S.C. § 1920(1)-(6)) ("The general costs statute [which] defines the term 'costs' as used in Rule 54(d)."). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

Plaintiff has not responded to defendants' memorandum in support of their bill of costs and the time to do so has passed. After reviewing defendants' bill of costs and in light of the fact that plaintiff has not objected, defendants' claimed costs of $9,074.52 will be taxed to plaintiff. See L.R. 292(c).

IT IS SO ORDERED.

Dated: February 5, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2